## JOHNSON v SHRIEVES

Ohio Appeals, 1st Dist, Clinton Co

No 108.   Decided Oct 23, 1935

Hayes & Hayes, Wilmington, for plaintiff in error.

Clevenger & Cartwright, Wilmington, for defendant in error.

**OPINION**

By MATTHEWS, J.

It will be observed that there is no mention in the later agreement of right of ingress and egress from rooms in basement of Bank Building, and that omission, it is claimed, shows that the incompleteness of the meeting of the minds indicated in the original writing by the phrase "as per agreement hereto attached" continued, and that as the parties reached no definite conclusion on the subject of ingress and egress, no contract was made. It is argued that the correctness of this construction is indicated by the clause "in the event said contract of purchase is completed" in the last agreement, but we are of the opinion that that clause · is without significance in this connection. The defendant testified that when she signed the later writing she supposed it covered all phases and completed the written evidence of the contract. No further writing was contemplated by either party at the time. What was meant by that expression, as is clearly shown by the context, was that in the event the title was conveyed to the plaintiff the defendant was to have certain rights in or over the property conveyed.

Now what is the evidence relating to the execution of these writings? The plaintiff and the real estate agent, employed by the defendant, both testified that the writings constituted the whole agreement and that no other writing was contemplated at the time but, that, after the defendant had refused to perform,. a writing was prepared by her agent in an effort to adjust the controversy. The agent presented this writing to the plaintiff for his signature with the statement, that if he would sign the defendant would deliver a deed. This writing incorporated into the supplemental agreement the provision with reference to ingress to and egress from the rear, so that that right would be enjoyed by the defendant for the time and under substantially the same conditions that she was given the right to use the stairway in the signed supplemental agreement. The plaintiff refused to sign this additional agreement. Now the defendant does not deny the signing of the writings either in her pleadings or testimony. She says she supposed when she signed the supplemental agreement that it contained something about ingress to and egress from the Bank Building basement over the rear lot, but does not state specifically what it was that she supposed was in it or that she wanted in it. And it is difficult to imagine any provision that could have been incorporated in the supplemental agreement that would have given her greater rights than she already had under the terms of the original agreement. If there was any omission, it was the result of the combined act of the plaintiff's attorney and the defendant's agent. The parties therefore must be said in law to have agreed upon the terms as written. In addition, the defendant read the documents and then signed them. Having entered into the contract and signed documents as the memorial of its terms, the law does not permit the writing to be varied by oral evidence.

An examination of the original contract leads us to believe that the caret which marks the place of the interpolation of the phrase, "as per agreement hereto attached" follows the word "pool" and is not the one between "Bldg." and "&". However, whether the phrase should be incorporated in the one place or the other, we are of the opinion that it simply meant that the original

agreement plus what was stated in the supplemental agreement should be considered the entire agreement between the parties, no matter whether much or little was stated in the latter.

The plaintiff was ready, willing and able to perform, as shown by his tender of the balance of the purchase price. It was incumbent upon the defendant to prepare and execute a deed in accordance with the contract. The fact that her agent did not include in the deed the reservations contained in the contract may have been a justification for her refusal to sign that deed, but it did not release her from the duty of preparing and executing a deed in legal form containing the terms called for by the contract.

We, therefore, find that the evidence conclusively shows that a contract was entered into, that the plaintiff performed all conditions on his part to be performed and that the defendant violated the agreement by her refusal to convey and subjected herself to the obligation to pay the liquidated damages.

Having reached this conclusion, it is unnecessary to pass on the other assignments of error.

For these reasons, the judgment is reversed, and final judgment rendered for the plaintiff for $500.00 with interest and costs.

ROSS, PJ, and HAMILTON, J, concur.